# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA

### Atlanta Division

| | |
|---|---|
| Debra Marie Shepard<br>3350 Merlot Court<br>Lawrenceville, GA 30044<br>770.279.1611<br>    Plaintiff,<br>vs.<br><br>Kaiser Permanente, dba<br>Kaiser Foundation Health Plan<br><br>    Defendant. | Civil Action No.:<br><br>1:08-CV-2311 CAP<br><br>Motion to Compel Production of<br>Documents and Answer<br>Interrogatories: |

## Motion to Compel

**Motion to Compel Production of Documents and Answer Interrogatories:**

Parties may obtain discovery regarding any matter that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling an answer to the interrogatory or compelling a response to the document request. See Fed. R. Civ. P. 37(a)(2). Alternatively, if a party fails to respond to such discovery requests, the court may make such other orders as are just, see Fed. R. Civ. P. 37(d), including "[a]n order ... prohibits that party from introducing designated matters in evidence," see Fed. R. Civ. P. 37(b)(2)(B).

## I. INTRODUCTION

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, color, religion, sex, or national origin, the Age Discrimination in Employment Act

1

Shepard vs. Kaiser Permanente      Civil Case No: 1:08-CV-2311 CAP
Motion to Compel Defendant to Answer Interrogatories
and Produce Document Requests.

of 1967, and its amendments prohibits employment discrimination against individuals 40 years of age or older; Title I of the Americans with Disabilities Act of 1990 prohibits employment discrimination on the basis of disability.

Plaintiff alleges the Defendants' conduct, acted to perpetuate the unconstitutional, prohibitory practices towards Plaintiff without regards to her rights under the Title VII statute; because Plaintiff reported what she thought were discriminatory practices at the workplace: gender discrimination, workplace violence, patient safety, disabilities, and age discrimination. Plaintiff alleges Defendant failed to act upon these violations of Title VII, and advanced towards retaliatory actions that lead up to terminating Plaintiff on fabricated evidence.

## II.   WITHHOLDING

Defendants are withholding documents relevant to Plaintiff's discrimination claim under the umbrella of client privilege despite the fact such evidence is relevant to her claim that Defendants engage in a pattern and practice of discrimination. They also unreasonably withholding documents that are likely relevant to Plaintiff's claims that Kaiser ratified and/or condoned hostile and retaliatory conduct despite the fact that other Kaiser employees alerted management of such hostile conditions in the work environment, and failed to correct the problem. Defendants should not be allowed to hamper Plaintiff's efforts to obtain information to establish his claims. For these reasons, Plaintiff's motion to compel should be granted.

## III.   NOT OVERBROAD OR UNDULY BURDENSOME.

The interrogatory and document request at issue are not overbroad or unduly burdensome. The requests are not the result of conjecture or guesswork on the part of the Plaintiff, but rather seek evidence Defendant deliberately ignore Title VII violations and covered up those violations by fraudulently fabricating an incident to terminate her. In other words,

2

Shepard vs. Kaiser Permanente            Civil Case No: 1:08-CV-2311 CAP
                                          Motion to Compel Defendant to Answer Interrogatories
                                          and Produce Document Requests.

when Defendant, Wesley Yeoman, pretending to be the distressed diabetic patient, was the impetus to the Plaintiff's termination; such criminal-fraud act is an exception to attorney-client privilege.  In BP Alaska Exploration, Inc. v. Superior Court, the court held that the crime-fraud exception to the attorney-client privilege does not apply to attorney work product because, by its terms Penal Code section 956 'expressly applies to communications ordinarily shielded by the attorney-client privilege,' while the 'work product rule encompasses a companion but separate document protection.' *1988. No. F006573. 199 Cal.App.3d 1240. BP Alaska Exploration, Inc. v. Superior Court'*.  It is the burden of the party asserting the work product privilege to prove that the material in question is work product and therefore privileged.

## IV.    NOT MEDIATING IN GOOD FAITH

Kaiser has provided no documentation (either complaints from employees or internal documents from the time of the supposed claim) that would substantiate the existence or nature of the purported patient or employee's complaints, and has identified no employees with knowledge of such complaints/claims of discrimination or violation of prohibited employee practices as defined by Title VII.

Defendant, Kaiser, has objected to the interrogatory and document requests concerning EEOC complaints to the extent they will not disclose names or witnesses, which Defendant solicited testimonies that supports Plaintiff's claim of discrimination, violation to the Family Leave Act, and retaliation for filing an EEOC.

Kaiser has refused to provide any information whatsoever concerning EEOC or Compliance complaints at the Gwinnett Laboratory facility, which unfairly prevents the Plaintiff from identifying pattern of Title VII and Compliance violations.  The EEOC complaint information sought by the Plaintiff is relevant in this action because it is the pretext and

3

Shepard vs. Kaiser Permanente         Civil Case No: 1:08-CV-2311 CAP
                                      Motion to Compel Defendant to Answer Interrogatories
                                      and Produce Document Requests.

motivation of Kaiser's retaliatory action to terminate Plaintiff. In order to show that this proffered reason, the Plaintiff is entitled to the requested documents and interrogatories, and therefore, the requested information and documents are plainly probative of the issue of pretext.

Defendant, Kaiser, Inc, has yet to serve Plaintiff with responses to the Plaintiff's First Set of Interrogatories. From the Plaintiff's point, the Defendant is not mediating in good faith; whereas the Defendants requested and Plaintiff granted Defendants a 30 day extension to claim attorney-client privilege for ninety percent of the request; i.e. the reason for an extension was deceptive.

Plaintiff, Debra Shepard, respectfully moves this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel Defendant, Kaiser to produce information and documents concerning complaints made by other Gwinnett Kaiser employees subjected to hostile work environment, and discrimination including the details of complaints allegedly made by former employees about co-workers that have perpetrated the prohibited employee practices under Title VII.

Wherefore, the Plaintiff respectfully requests that Kaiser be compelled to answer to the interrogatory and compel to produce documents concerning Title VII, Company Compliance, and FMLA complaints. If this Court deems to deny motion to compel Defendant, then alternative, Plaintiff moves this Court, pursuant to Rule 37(d), for an order precluding Kaiser from relying upon evidence of patients' complaints in its defense of their action to terminate her.

Dated this 15 day of December, 2009

_____
Debra Marie Shepard
Pro Se

4

Shepard vs. Kaiser Permanente                Civil Case No: 1:08-CV-2311 CAP
                                             Motion to Compel Defendant to Answer Interrogatories
                                             and Produce Document Requests.

## Certificate of Service

I, the Plaintiff, certify that I sent a copy of a Motion to Compel Defendant to Request for the Production of Documents and Respond to Interrogatories to the following parties. I sent these copies on 15 December 2009. I sent the copy U.S. Mail, postage prepaid, to the following address:

Judge Alan J. Baverman, U.S. Magistrate
U.S. District Court, Division
Richard B. Russell Federal Building
75 Spring Street, S.W.
Atlanta, Georgia 30303-3361

Robert L. Fortson, Esq.
Turner, Bachman & Garrett LLC
61 Atlanta Street
Marietta, GA 30060

Date: 15 December 2009

_____
Debra Marie Shepard
Plaintiff
Pro Se

5

Shepard vs. Kaiser Permanente        Civil Case No: 1:08-CV-2311 CAP
Motion to Compel Defendant to Answer Interrogatories
and Produce Document Requests.